PAUL RAY BURRELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Burrell v. Commissioner
Docket Nos. 3852-87, 1662-88
United States Tax Court
T.C. Memo 1990-220; 1990 Tax Ct. Memo LEXIS 254; 59 T.C.M. (CCH) 507; T.C.M. (RIA) 90220; May 2, 1990, Filed Paul Ray Burrell, pro se. Cheryl B. Harris, for the respondent. GOFFE, Judge. GOFFE
*726 MEMORANDUM OPINION This case was assigned to Special Trial Judge John J. Pajak pursuant to section 7443A(b) and Rule 180 et seq. (All section numbers refer to the Internal Revenue Code in effect for the taxable years in issue. All rule numbers refer to the Tax Court Rules of Practice and Procedure.) The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: Respondent determined deficiencies in an additions to petitioner's 1981, 1982, and 1983 Federal income taxes as follows: Additions to Taxes Under Sections
Year
Deficiency
6651
6653(a)(1)
6653
6654(a)
6661(a)
(a)(1)
(a)(2)
1981
$  6,041.00
$   343.50
$ 302.00
*
$    15.89
--    1982
13,856.00
2,804.00
692.80
**
1,027.54
$ 3,464.00
1983
5,573.00
976.00
278.65
***
249.28
557.30
*257 The Court must decide: (1) Whether petitioner is liable for Federal income taxes for 1981, 1982, and 1983 in amounts less than those determined by respondent; (2) whether petitioner is liable for additions to taxes for 1981, 1982, and 1983 pursuant to sections 6651(a)(1), 6653(a)(1) and (a)(2), and 6654(a); and (3) whether petitioner is liable for additions to taxes for 1982 and 1983 pursuant to section 6661(a). To the extent stipulated, the facts are so found. Petitioner resided in Vancouver, Washington when he filed his petitions. *727 During taxable years 1981, 1982, and 1983, petitioner's girlfriend, Rebecca Morton (Rebecca), and five minor children lived with petitioner in his home. In 1981, the children ranged in age from 4 years old to *258 11 years old. Larry and Jason Morton are Rebecca's children by another man. Cheri Burrell is petitioner's and Rebecca's child. Stanley and Charlene Burrell are petitioner's children by another woman. Rebecca did not work for wages during the taxable years at issue. Petitioner was the only member of the household who had gross income in excess of $ 1,000.00. Petitioner failed to file Federal income tax returns for 1981, 1982, and 1983. Respondent determined petitioner's tax liabilities based on records and information available, including Forms W-2. Respondent allowed petitioner one personal exemption for each taxable year at issue. Respondent's determinations in the statutory notices of deficiency are presumed correct, and petitioner bears the burden of disproving the determinations. ; Rule 142(a). Petitioner claimed he was entitled to six additional exemptions each year for supporting Rebecca and the five children. Section 151(e) [now section 151(d)] allows an exemption for each of a taxpayer's dependents, as defined in section 152, whose gross income is less than $ 1,000.00 or who is a child of the taxpayer *259 and who is under age 19 or a student. Sec. 151(e)(1). A taxpayer's child who receives over one-half of the child's support from the taxpayer is a dependent. Sec. 152(a)(1). An individual (other than a spouse) who has a principal place of abode at the taxpayer's home and is a member of the taxpayer's household during the taxable year and receives over one-half of his or her support from the taxpayer is also a dependent. Sec. 152(a)(9). During 1981, 1982, and 1983, we find that Rebecca, Larry and Jason had their principal place of abode with petitioner, that they were members of his household, that each of them had less than $ 1,000.00 in gross income, and that petitioner provided over half of their support. We also find that petitioner provided more than half of the support of his minor children, Stanley, Charlene, and Cheri. Thus, petitioner is entitled to six dependency exemptions for each of the years in question. Respondent determined additions to taxes under sections 6651(a)(1), 6653(a)(1) and (a)(2), 6654(a), and 6661(a). As previously stated, petitioner bears the burden of disproving these determinations. Section 6651(a)(1) provides for an addition to tax not to *260 exceed 25 percent of the underpayment for failure to file a timely tax return unless such failure was due to reasonable cause and not due to willful neglect. Petitioner claimed that he did not file returns for the years at issue allegedly because respondent erroneously stated petitioner was not entitled to certain dependency exemptions in prior taxable years not before the Court. To compensate for the loss of dependency exemptions in those prior years, petitioner decided not to file returns for 1981, 1982, and 1983. A grievance with the Internal Revenue Service regarding prior tax years is not reasonable cause for failing to file later years' tax returns. , affd. per curiam . Respondent's determinations under section 6651(a)(1) are sustained. Section 6653(a)(1) provides for an addition to tax in the amount of five percent of an underpayment of tax if any part of the underpayment is due to negligence or intentional disregard of rules and regulations. Section 6653(a)(2) provides for a further addition to tax in an amount equal to 50 percent of the interest payable on the *261 portion of the underpayment attributable to negligence or intentional disregard of rules and regulations. For this section, negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Petitioner's actions were neither reasonable nor prudent under the circumstances. In fact, his actions were an intentional disregard of rules and regulations. We uphold respondent's determinations on these additions. Section 6654(a) provides for an addition to tax for underpayment of estimated tax. Petitioner claimed no exceptions for the imposition of these additions and these determinations are sustained. Section 6661(a) provides for an addition to tax of the amount of any underpayment attributable to a substantial understatement of income tax. There is a substantial understatement of tax if the amount of the understatement exceeds the greater of 10 percent of the tax required to be shown on the return or $ 5,000.00. We find that petitioner had such understatements in 1982 and 1983. Respondent also requested an increase in the addition to tax from 10 percent *262 to 25 percent under section 6661(a) for 1983, based on the Omnibus Budget Reconciliation Act of 1986 (OBRA 86), sec. 8002, Pub. L. 99-509, 100 Stat. 1874, 1951. This Court has jurisdiction to increase additions to tax if such claim is asserted by the Secretary at or before the hearing. Sec. 6214(a). Respondent asserted his claim for the increased *728 addition to tax in his answer to amended petition for 1983 prior to any hearing. Section 6661(a) originally provided for an addition to tax of 10 percent, applicable to returns due after December 31, 1982. In 1986, Congress passed OBRA 86 which amended section 6661(a) and provided for an addition to tax of 25 percent. . The assessment of the section 6661 addition to tax must be made after October 21, 1986 before the increased rate applies. OBRA 86, sec. 8002, Pub. L. 99-509, 100 Stat. 1874, 1951. Since assessment is not allowed until after our decision becomes final, the assessment of the section 6661 additions obviously will occur after October 21, 1986. Sec. 6213(a). We find the increased rate of 25 percent is applicable as to petitioner for 1983. In *263 his answer to amended petition for 1983, respondent requested that the section 6661(a) addition be increased from $ 557.30 to $ 1,393.25. This fails to take into account withholding credits which must be subtracted from the "understatement" to arrive at the "amount of any underpayment" under section 6661(a). . In a separate notice of deficiency for 1982, respondent determined the section 6661(a) addition using the correct 25 percent rate but again without reflecting withholding credits. These adjustments for 1982 and 1983 may be made in the Rule 155 computation. At trial, petitioner failed to dispute any other of respondent's determinations for 1981, 1982, and 1983. Thus, those other determinations are upheld. Decisions will be entered under Rule 155. Footnotes
*. 50 percent of the interest due on the $ 6,041.00 underpayment due to negligence. ↩
**. 50 percent of the interest due on the $ 13,856.00 underpayment due to negligence. ↩
***. 50 percent of the interest due on the $ 3,904.00 underpayment due to negligence.↩